UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAR 31 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-337-GWU

GREGORY LAMBDIN, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Gregory Lambdin brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Lambdin, a 34 year-old former fast food worker, bagger and laborer with a high school education, suffered from impairments related to a herniated nucleus pulposus at L4-L5 with radiculopathy and degenerative disc disease. (Tr. 14, 17). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20). Since the claimant's past fast food and bagging work could still be performed, he could not be considered totally disabled. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ concluded that Lambdin retained the residual functional capacity to perform light level work, restricted from a full range by (1) an inability to sit, stand or walk for more than six hours in an eight-hour day; (2) an inability to ever climb ladders, ropes or scaffolds; (3) an inability to more than occasionally stoop,

5

crawl or climb ramps and stairs; and (4) an inability to perform frequent balancing, kneeling or crawling.  (Tr. 20).  These factors were essentially consistent with the restrictions identified by Dr. Roy Stauffer, an examining consultant.[1]  (Tr. 131).  The ALJ's findings were also compatible with the physical restrictions noted by Dr. James Ross (Tr. 140-149) and Dr. David Swan (Tr. 150-158), the non-examining medical reviewers.  More severe functional limitations were not identified by such treating and examining sources as the staff at Baptist Regional Medical Center (Tr. 97-125, 160-196) and the staff at the London-Corbin Medical Clinic (Tr. 134-139).  These reports provide substantial evidence to support the administrative decision.

Dr. John Gilbert, a treating physician, did identify far more severe functional limitations in a November, 2004 assessment.  (Tr. 201).  The ALJ rejected Dr. Gilbert's opinion as binding because he did not believe that it was well-supported by objective medical data.  (Tr. 17).  This action was appropriate.  Dr. Gilbert had seen a May, 2003 MRI Scan of the plaintiff's lumbar spine which revealed a disc rupture at L3-L4 in the lumbar spine.  (Tr. 127).  However, reflexes and sensation were each grossly intact upon physical examination in June of 2003, and the thoracolumbar range of motion was unremarkable.  (Tr. 127).  The plaintiff's mood and affect was "very pleasant."  (Tr. 127).  Dr. Stauffer, who was also aware of the MRI Scan results (Tr. 129), offered far less severe limitations as did the medical reviewers.  In April of 2004, Dr. Gilbert indicated that the claimant was functioning satisfactorily with the use of medication.  (Tr. 197).  Therefore, under these circumstances, the ALJ could

---

[1] Dr. Stauffer did report that the plaintiff might have some difficulty with pushing or pulling with the right lower extremity (Tr. 131), a restriction not included among the ALJ's findings. The claimant has not cited any evidence which would suggest that this additional restriction would preclude performance of his past work.

6

properly reject Dr. Gilbert's opinion.

In determining that Lambdin could return to his past work as a fast food worker or bagger, the ALJ relied upon the Dictionary of Occupational Titles (DOT) stating that this revealed that these jobs had been light in exertion and unskilled. (Tr. 19). Section 311.472-010 of the DOT dealing with the job of fast food worker does not indicate any job requirements incompatible with the ALJ's residual functional capacity finding. Thus, the ALJ could properly rely upon this job. However, Section 920.687-014 dealing with the position of bagger states that this position is medium in exertion and requires frequent stooping, each factors inconsistent with the ALJ's finding that the claimant was limited to light level work with only occasional stooping. Curiously, Lambdin indicated on the Work History Report that his past bagging work, as he actually performed it, had been sedentary in exertion and he did not note any stooping requirements. (Tr. 78). The administrative regulations allow that the past work can be considered either as performed in the national economy or as actually performed by the claimant. 20 C.F.R. Section 416.9629(b)(2). Therefore, any error in considering the bagging work would appear harmless.

Lambdin asserts that the ALJ erred in evaluating his credibility by taking into consideration his poor work history and decision not to have surgery. The Court finds no error. The Work History Report reveals that the claimant had not worked since August of 1990 (Tr. 73), more than twelve years before his alleged onset date of March, 2003 (Tr. 50). Lambdin told the staff at the London-Corbin Clinic in April of 2003 that he stayed home to care for his son so his wife could work. (Tr. 136). Thus, his work history does not suggest that medical problems were the reason he was not employed. The ALJ did note that the plaintiff had been non-compliant with the recommendations of his neurosurgeon. (Tr. 19).

7

However, these recommendations included a need to quit smoking with which the claimant was not compliant (Tr. 197) and the ALJ did not specifically cite a failure to have surgery as the reason to reject Lambdin's credibility. Finally, the ALJ also cited the plaintiff's daily activities in support of the credibility finding. (Tr. 19). Therefore, the Court must reject the claimants argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___31___ day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8